UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

CHASE JUSTIN SILVIS,
        Petitioner,

                              Civil Action No. 05-834

v.                           Judge Gary L. Lancaster
                              Magistrate Judge Lisa Pupo Lenihan

ROBERT SHANNON, et al.,
        Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

### II.   REPORT

Petitioner Chase Justin Silvis is a state prisoner incarcerated at the State Correctional Institution, Frackville, Pennsylvania. Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. 1).

### A.   Relevant Procedural History

On May 11, 2001, a jury empaneled by the Court of Common Pleas of Armstrong County found Petitioner guilty of first-degree murder and rape. (Ex. J at 2).[1] The trial court sentenced him to a mandatory term of life imprisonment on the murder conviction and a concurrent term of ten to twenty years on the rape conviction. (Ex. D

---

[1] All exhibit citations are to the documents attached to the Respondents' Answer (Doc. 10).

1

at 1).

Petitioner appealed his judgment of sentence to the Superior Court of Pennsylvania. (Ex. B). On April 23, 2002, the Superior Court affirmed. (Ex. D). Petitioner did not file a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania within the thirty-day time period set forth in Rule 1113 of the Pennsylvania Rules of Appellate Procedure. (Ex. J at 3); see also 42 Pa.Cons.Stat. § 9545(b)(3). Accordingly, his judgment of sentence became final on May 23, 2002, the date on which the thirty-day period to file an allowance of appeal expired. (Id. citing Pa.R.A.P. 1113(a) & 42 Pa.Cons.Stat. § 9545(b)(3)); see also Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a state prisoner's judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review). Petitioner belatedly filed a Petition for Allowance of Appeal Nunc Pro Tunc in September 2002 (Ex. E), which the Supreme Court of Pennsylvania denied on November 27, 2002. (Ex. G).

On or around July 28, 2003, Petitioner filed in state court a petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.Cons.Stat. § 9541 *et seq.* (Ex. J at 2). The PCRA court denied the petition as untimely and he appealed to the Superior Court.

On October 14, 2004, the Superior Court affirmed. (Id.) It noted that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. (Id. at 2-3 (citing 42 Pa.Cons.Stat. § 9545(b)(1)). It next held that because Petitioner's judgment of sentence became final on May 23, 2002, his July 2003 PCRA petition was filed outside the statute of limitations. (Id.) It also held that

Petitioner's September 2002 untimely petition for allowance of appeal to the Supreme Court of Pennsylvania did not toll the limitations period under state law. (Id. at 3).

On January 28, 2005, the Supreme Court of Pennsylvania denied a Petition for Allowance of Appeal. (Ex. L). Petitioner began proceedings in this Court, at the very earliest, on June 1, 2005, the date he signed the instant petition (although the docket reflects that that the petition was not filed with this Court until June 17, 2005). (Doc. 1).

## B.    Time Period for Filing Federal Habeas Corpus Petitions

In their Answer, Respondents contend that Petitioner's habeas petition must be dismissed because it is untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(d). (Doc. 10 ¶¶ 14-17). AEDPA–like its state post-collateral counterpart, the PCRA–requires, with a few exceptions not implicated here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, the state courts determined that Petitioner's judgment of sentence became final on May 23, 2002. Accordingly, the one-year period for filing his federal habeas corpus petition ran from May 23, 2002 until May 23, 2003. His June 2005 federal habeas petition was thus untimely.

A petitioner may rely on two tolling exceptions to argue that AEDPA's one-year period of limitation should be tolled: (1) statutory tolling under 28 U.S.C. § 2244(d)(2); and (2) equitable tolling. Here, neither tolling exception applies to the petition filed by Petitioner.

3

**Statutory Tolling**

AEDPA provides that "properly filed" applications for PCRA relief that are pending during the limitations period will statutorily toll that limitations period. 28 U.S.C. § 2244(d)(2). In the instant case, Petitioner's PCRA petition did not toll the AEDPA limitations period because it was not "properly filed," as the state courts determined it was untimely filed under state law. Pace v. DiGuglielmo, — U.S. —,125 S.Ct. 1807, 1814 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").[2] See also Satterfield v. Johnson, — F.3d —, 2006 WL 90338, *4-5 (3d Cir. Jan. 17, 2006); Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

**Equitable Tolling**

AEDPA's one-year limitations period in § 2244(d) may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur *when the petitioner has in some extraordinary way been prevented from asserting his or her rights.* The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted) (emphasis added). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

According to Petitioner, his attorney's misconduct caused the untimely filing of

---

[2] In Pace, the Pennsylvania Superior Court dismissed petitioner's PCRA petition as untimely, a decision which the Supreme Court of Pennsylvania declined to review. Because the Pennsylvania court rejected the PCRA petition as untimely, the United States Supreme Court concluded that it was not "properly filed," which precluded statutory tolling under § 2244(d)(2). Pace, 125 S.Ct. at 1814.

4

his Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. (Doc. 1 at ¶ 13 (3)). He also claims that his counsel incorrectly instructed him regarding the PCRA's statute of limitations. (Id. at ¶ 13 (4)). Even assuming *arguendo* that Petitioner's allegations are true, the behavior of Petitioner's attorney does not rise to the level of "extraordinary" circumstances. In non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001). See also Lacava, 398 F.3d at 276-77 (attorney's failure to notify petitioner of the state court's disposition of his case did not rise to the level of an extraordinary circumstance); Schlueter v. Varner, 284 F.3d 69, 76-78 (3d Cir. 2004) (attorney's misconduct did not constitute an extraordinary circumstance where that attorney did not keep his promise to file petitioner's PCRA petition on time and failed to communicate further with petitioner about the status of his petition.); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not warranted where the petitioner relied on erroneous advice from his state public defender that he had one year from the date of denial of post-conviction relief to file his federal habeas petition). Thus, Petitioner has not alleged facts sufficient to show that sound legal principles as well as the interests of justice demand pursuit of the sparing doctrine of equitable tolling.

\* \* \*

Based upon all of the foregoing, the record reveals that the instant petition for writ of habeas corpus was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d).

5

## C.   Certificate of Appealability

AEDPA provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a state court unless a certificate of appealability has been issued.  A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right.  28 U.S.C. 2254(c)(2).

In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Petitioner was filed within the one-year limitation period which is provided for under AEDPA.  Accordingly, a certificate of appealability should be denied.

## II.   CONCLUSION

It is respectfully recommended that the Petition (Doc. 1) be dismissed and that a certificate of appealability be denied.  In accordance with the Magistrates Act, 28 U.S.C.

§ 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: 2-1-06

Lisa Pupo Lenihan
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Gary L. Lancaster

Scott J. Andreassi
Office of the District Attorney
Armstrong County Courthouse
Third Floor
Kittanning, PA 16201

Chase Justin Silvis
EQ-2808
SCI Frackville
1111 Altamont Boulevard
Frackville, PA 17931